GIUSEPPE BELLEZZIRE, Respondent, v. JAMES CAMARDELLA and GERARDO AMATO, Appellants, Impleaded with THE WILSON & BAILLIE MANUFACTURING COMPANY, Defendant.

*New York City Municipal Court — a complaint alleging false imprisonment dismissed, although it contains other allegations constituting a cause of action within the court's jurisdiction.*

The complaint in an action, brought in the Municipal Court of the city of New York, read as follows:

"The defendants are indebted to plaintiff in the sum of Five hundred dollars ($500.00), in that they co-operated, inveigled and kidnapped plaintiff from Brooklyn and carried him to Yucatan, Mexico, against his will, to his loss,

| | |
|---|---:|
| "1st. — Loss of time from March 12, 1903, to April 4, 1903, at $2.00 per day 22 days.................................... | $44 00 |
| "2nd. — To expenses while away, 75c per day — 22 days......... | 16 50 |
| "3rd.— To passage from Yucatan to Brooklyn.. ............... | 25 50 |
| | $86 00 |
| "To detention, imprisonment, loss of peace of mind.............. | 414 00" |

The Municipal Court of the city of New York is expressly prohibited from entertaining jurisdiction of an action to recover damages for false imprisonment (Laws of 1902, chap. 580, § 1, subd. 14).

*Held,* that it was obvious from the language of the complaint that false imprisonment was one of the wrongs fo which the plaintiff sought to recover damages;

That, consequently, the court could not afford the plaintiff any redress, notwithstanding the fact that the complaint contained other allegations, which, if they had stood alone, might have constituted a cause of action of which the court had jurisdiction.

WOODWARD and HOOKER, JJ., dissented.

APPEAL by the defendants, James Camardella and another, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered in the office of the clerk of said court on the 25th day of August, 1903, and also from an order entered in said clerk's office denying the said defendants' motion for a new trial made upon the minutes.

*William Adams Robinson,* for the appellants.

*D. Humphreys,* for the respondent.

WILLARD BARTLETT, J.:

The complaint in this action, which is characterized also in the return as a bill of particulars, is in the following words:

"The defendants are indebted to plaintiff in the sum of Five hundred dollars ($500.00), in that they co-operated, inveigled and kidnapped plaintiff from Brooklyn and carried him to Yucatan, Mexico, against his will, to his loss,

| | |
|---|---:|
| "1st. — Loss of time from March 12, 1903, to April 4, 1903, at $2.00 per day 22 days............ | $44 00 |
| "2nd.— To expenses while away, 75c per day — 22 days.................................. | 16 50 |
| "3rd.— To passage from Yucatan to Brooklyn........ | 25 50 |
| | $86 00 |
| "To detention, imprisonment, loss of peace of mind.... | 414 00" |

To this complaint the defendants interposed a general denial. At the beginning of the trial, after counsel for the plaintiff had opened the case to the jury, counsel for the defendants moved to dismiss

the complaint upon the ground that the Municipal Court was without jurisdiction to entertain a civil action of this character. The motion was denied and an exception was duly taken to the refusal of the court to grant it.

I think that the objection should have been sustained. In the New York Municipal Court Act, the Municipal Court is expressly prohibited from entertaining jurisdiction in actions to recover damages for false imprisonment. (Laws of 1902, chap. 580, § 1, subd. 14.) It is obvious, from the language of the complaint, that false imprisonment is one of the wrongs set out therein for which the plaintiff seeks to recover damages. This is manifest not only from the allegation that the defendants kidnapped the plaintiff and carried him to Yucatan against his will, but also from the subsequent item of damage claimed to have been sustained by reason of his detention and imprisonment. The Municipal Court was without authority to afford him any redress on account of the unlawful restraint thus alleged, and, as such unlawful restraint was pleaded as a part of his cause of action, his complaint could not be entertained in that court, notwithstanding the fact that it may have contained other allegations, which, if they stood alone, would have constituted a cause of action cognizable by that tribunal.

It is sought to support the jurisdiction upon the theory that the action was really one for fraud and deceit, where the damages claimed did not exceed $500, and, hence, falls within subdivision 13 of section 1 of the Municipal Court Act. I suppose this view might be adopted if the complaint had simply alleged that the defendants inveigled plaintiff with intent to cause him, without authority of law, to be sent out of the State. Such conduct would constitute a criminal offense under the 1st subdivision of section 211 of the Penal Code, even without the exercise of any actual force (*People* v. *De Leon*, 109 N. Y. 226), and I see no reason why a civil action could not be maintained to recover damages arising out of such a wrong. The fatal objection to this complaint, however, so far as the jurisdiction of the Municipal Court is concerned, arises out of the fact that its allegations are not confined to such a cause of action or any other of which that court has jurisdiction, but are so broad as to embrace a subject-matter in regard to which the Legislature has seen fit to forbid it from acting at all.

For these reasons it seems quite clear to me that the judgment must be reversed.

All concurred, except WOODWARD and HOOKER, JJ., who each read for affirmance.

WOODWARD, J. (dissenting):

The complaint in this action, originally oral, was subsequently embodied in the following bill of particulars, filed in response to the defendants' demand :

" The defendants are indebted to plaintiff in the sum of Five hundred dollars ($500.00), in that they co-operated, inveigled and kidnapped plaintiff from Brooklyn and carried him to Yucatan, Mexico, against his will, to his loss,

| | |
|---|---:|
| " 1st. — Loss of time from March 12, 1903, to April 4, 1903, at $2.00 per day 22 days.............. . | $44 00 |
| " 2nd. — To expenses while away, 75c per day — 22 days................................ | 16 50 |
| " 3rd. — To passage from Yucatan to Brooklyn....... | 25 50 |
| | $86 00 |
| " To detention, imprisonment, loss of peace of mind... | $414 00 " |

Item 4 of the bill of particulars was abandoned at the trial, and proof was offered only to sustain items 1, 2 and 3; judgment being rendered for the amount of the actual damage as fixed by the verdict of the jury. The complaint was dismissed before the trial as to the defendant the Wilson & Baillie Manufacturing Company.

The plaintiff's testimony was to the effect that he was induced by the defendants Camardella and Amato to board a Ward line steamer in the city of New York, where he lived, upon representations made to him by the said defendants that he was to be taken to a village within about five hours' sail from New York, where he was to be given employment; but that instead of making a landing to allow the plaintiff to disembark within the prescribed distance the steamer proceeded directly to Havana, Cuba, where the plaintiff was not permitted to land; and from there to Yucatan, where he was compelled to remain several days before he could start on

.the return voyage. The plaintiff was an Italian laborer, having but a meager understanding of the English language, and only the slightest knowledge of the geography of this country. His testimony, so far as it referred to the agreement with the said defendants and their representations to him, was fully corroborated by five witnesses who were present when the contract of employment was made; and there is no dispute about the fact that the plaintiff did actually go to Yucatan as above indicated. The defendants Camardella and Amato denied that they made any false representations to the plaintiff, and testified that they fully informed the plaintiff where the work was to be done, and that the steamer would take him to Yucatan; but the verdict of the jury, sustained as it is by a fair preponderance of evidence, requires that the case be disposed of in this court on the assumption that the plaintiff's testimony is true. This testimony and that of the plaintiff's other witnesses affords ample support for the inference that the defendants induced the plaintiff to sail for Yucatan by representations that were false and known by the defendants to be false. The inference is also a fair one that these representations were made to deceive the plaintiff, keep him in ignorance of the true state of facts, and induce him to sail on board the steamer. The plaintiff has suffered certain damage by reason of these representations; the amount was established at the trial, and the judgment rendered was proper.

Kidnapping may be accomplished without the use of physical force.; inveiglement is sufficient. (*People* v. *De Leon*, 109 N. Y. 226, 229.) The very essence of inveiglement is deceit. It may be that every deceptive practice does not constitute an inveiglement, but here, as in the *De Leon Case* (*supra*), a distinct, affirmative wrong was done the plaintiff. He was induced to go far from his home, into an unknown country, where the climate and sanitary conditions were, as the event proved, practically unbearable, by representations that he was to be given employment at a village near New York — only a few miles away, five hours' sail on the steamer — where the railroad fare back to New York was only ninety cents. (See *People* v. *Fitzpatrick*, 57 Hun, 459, 461.)

A liberal construction of the complaint, to which the plaintiff is entitled, does not require a more definite allegation of fraud and

deceit than that contained in the words " inveigled and kidnapped." The defendants were fully apprised of the nature of the charge against them; the gravamen of the action was fraud and deceit. It was not necessary to characterize the acts charged as " fraudulent." The allegation of facts from which such a conclusion necessarily results was sufficient. ( *Warren* v. *Union Bank of Rochester,* 157 N. Y. 259, 273.) The Municipal Court is expressly given jurisdiction in such actions by subdivision 13 of section 1 of the Municipal Court Act (Laws of 1902, chap. 580). There is no force in the contention that that court was without jurisdiction in this case because subdivision 14 of section 1 of that act excepts actions for false imprisonment from those within the jurisdiction of the Municipal Court.

The defendants cannot well protest that the plaintiff is not entitled to whatever benefit he may have received at the hands of the jury by reason of his testimony that the captain of the steamer refused to allow him to go ashore at Havana. The captain explained at the trial that the plaintiff was not allowed to leave the ship at that port for the reason that he could not comply with the immigration laws requiring him to have a certain amount of money. The defendants were responsible for the plaintiff being on board the vessel; they had selected the means of transportation, and presumably knew that a landing would be made at Havana and the laws of that port. They surely did not intend that the plaintiff should leave the ship at Havana, but even if he had done so, his damage would not necessarily have been less.

The judgment should be affirmed.


HOOKER, J. (dissenting):

The return on appeal shows that an oral complaint was stated at the time issue was joined, but what was embodied in that complaint does not appear. It is clear, however, that a bill of particulars, subsequently filed by the plaintiff, was treated as the complaint in the action. That paper reads as follows:

" The defendants are indebted to plaintiff in the sum of Five hundred dollars ($500.00), in that they co-operated, inveigled and kidnapped plaintiff from Brooklyn and carried him to Yucatan, Mexico, against his will, to his loss,

| | |
|---|---|
| "1st.— Loss of time from March 12, 1903, to April 4, 1903, at $2.00 per day 22 days............ | $44  00 |
| "2nd.— To expenses while away, 75c per day — 22 days ....................... ............. | 16  50 |
| "3rd.— To passage from Yucatan to Brooklyn....... | 25  50 |
| "To detention, imprisonment, loss of peace of mind.... | 414  00" |

The plaintiff had a verdict of a jury for the sum of sixty dollars and seventy cents. The defendants appeal.

The principal question presented on the appeal is whether the Municipal Court had jurisdiction of the subject-matter of the action. At the close of plaintiff's opening defendants moved to dismiss the complaint on the ground, among others, that the Municipal Court was without jurisdiction to entertain any such complaint as was set up in the complaint and bill of particulars. This motion was denied and defendants excepted. By the provisions of subdivision 14 of section 1 of the Municipal Court Act (Laws of 1902, chap. 580), jurisdiction in actions to recover damages for false imprisonment is expressly denied to the Municipal Court, and it is upon the contents of that subdivision that the defendants place their reliance. The question then presented is whether this is an action for false imprisonment, or an action of some other character. If the former, the complaint should have been dismissed and this appeal should prevail.

I am inclined to believe that the action was for breach of contract. The bill of particulars in part alleges that "The defendants are indebted to the plaintiff in the sum of Five hundred dollars * * * loss of time * * * expenses * * * passage," etc. The evidence clearly sustains the theory that the defendants entered into a contract with the plaintiff and others to furnish them employment at a place within a few hours' ride from New York, and they were to be paid for their "time" and return "passage." Nowhere in the case is any evidence offered affecting any other question than that of breach of contract. The case was submitted to the jury by the trial court upon the theory of breach of contract, and that alone. There is nowhere in the evidence any intimation that plaintiff suffered any damages for false imprisonment, or for fraud and deceit, except loss of time, expenses while away and passage back. The jury evidently did not consider any elements of

damage except these.   The defendants did not object by way of exception or requests to charge to the submission of the case to the jury on the theory that the action was one for breach of contract. The proof of the plaintiff that he was carried a seven days' journey from New York is evidence of breach of contract to convey him a five hours' trip as well as it is evidence of kidnapping.   The notion that this is an action for false imprisonment seems to be based entirely upon the use of the word " kidnapped " in the bill of particulars.   I think, however, that the word " indebted " should be accorded predominant force.   The allegation is that " the defendants are *indebted* to the plaintiff in the sum of Five hundred dollars."   It seems to me that the use of the word showed an intention to plead *indebitatus assumpsit* or merely *assumpsit*, and that this intention is clearer than that to plead false imprisonment, which is said to follow from the use of the word " kidnapped."

The pleading was, of course, ambiguous, but in denying the defendants' motion at the close of plaintiff's case to dismiss the complaint on the ground of want of jurisdiction, the trial court determined that this was not an action for false imprisonment.   Its ruling on this question should be upheld, on the theory that the action was one for breach of contract, and of such an action the Municipal Court possesses jurisdiction.   (Municipal Court Act, § 1, subd. 1.)

No other question seems to require comment, and I advise the affirmance of the judgment.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.